IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEBRADRE D. JACKSON,

                                       OPINION AND ORDER

          Plaintiff,

                                       20-cv-360-bbc

     v.

DR. TRICIA LORENZ, SHERYL KINYON,
DR. ADEBOLA IBIROGA AND DR. EILEEN GAVIN,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff DeBradre Jackson, a former a prisoner at the Wisconsin Secure Program Facility, is proceeding on claims that prison health staff failed to provide him treatment for his hepatitis C infection. Now before the court is defendant Dr. Adebola Ibiroga's motion for summary judgment. Dkt. #24. Ibiroga contends that plaintiff's claims against him must be dismissed because Ibiroga was not working at the prison during the time period in which plaintiff alleges that Ibiroga failed to treat him. Plaintiff has failed to refute Ibiroga's evidence, so I will grant Ibiroga's motion.

OPINION

In his complaint, plaintiff alleged that defendant Dr. Ibiroga, a doctor at Wisconsin Secure Program Facility, ordered blood tests of plaintiff. The blood tests were performed on January 15, 2020, and showed that plaintiff had extremely high levels of two liver enzymes. Plaintiff alleged that Ibiroga did not tell plaintiff about the blood tests results and did not propose that plaintiff receive any treatment for hepatitis C.

1

Defendant Ibrioga has submitted a declaration stating that he ordered lab tests for plaintiff on December 19, 2019. Ibiroga Decl., dkt. #40, ¶ 3. Ibiroga's last day of work at Wisconsin Secure Program Facility or any other correctional facility was the next day, December 20, 2019. Id. at ¶ 11. ¶ 4, 5, 7. Plaintiff's labs were taken on January 15, 2020, and the results were sent to the prison. Because Ibiroga no longer worked there, he was not aware of the results and was not involved in making any decisions regarding plaintiff's subsequent treatment. Id.

Plaintiff does not dispute Ibiroga's evidence. He states only that he saw Ibiroga's name on the lab orders. However, the fact that Ibiroga ordered tests is not sufficient to prove that Ibiroga disregarded any of plaintiff's serious medical needs or that he acted negligently. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (setting forth standard for proving Eighth Amendment medical care claim); Paul v. Skemp, 2001 WI 42, 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865 (setting forth standard for proving Wisconsin negligence claim). Accordingly, I will grant Ibiroga's motion for summary judgment.

ORDER

IT IS ORDERED that defendant Adebola Ibiroga's motion for summary judgment, dkt. #24, is GRANTED.

Entered this 26th day of February, 2021.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge