IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEBRADRE D. JACKSON,

                     OPINION AND ORDER

        Plaintiff,

                     20-cv-360-bbc

    v.

DR. TRICIA LORENZ, SHERYL KINYON
AND DR. EILEEN GAVIN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff DeBradre Jackson is proceeding on claims that prison health staff at the Wisconsin Secure Program Facility failed to provide him treatment for his hepatitis C infection. In a previous order, I granted a motion for summary judgment filed by former defendant Dr. Adebola Ibiroga, based on undisputed evidence that Ibiroga was not working at the prison during the time period in which plaintiff alleges that defendants failed to treat him. Dkt. #43.

Now plaintiff has filed a motion for reconsideration of that order. Dkt. #65. He argues that although Ibiroga no longer worked at Wisconsin Secure Program Facility at the time plaintiff received a diagnosis of hepatitis C, Ibiroga was the doctor who ordered the tests that ultimately led to plaintiff's diagnosis. He argues that Ibiroga should have done more to explain to plaintiff the purpose of the tests and to insure that plaintiff would receive adequate treatment after Ibiroga left. But plaintiff's argument that Ibiroga could have done more is not sufficient to state an Eighth Amendment claim against Ibiroga. To state an

1

Eighth Amendment claim against Ibiroga, plaintiff would have to allege facts suggesting that Ibiroga deliberately disregarded plaintiff's serious medical condition by failing to exercise professional judgment in treating him. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff's allegations do not satisfy this standard. Instead, his allegations show that Ibiroga was concerned about plaintiff's liver health and ordered additional lab tests to determine the nature of plaintiff's problems. These allegations do not suggest deliberate indifference, so plaintiff's motion for reconsideration will be denied.

Plaintiff has also filed a motion for injunctive relief, stating that defendants' counsel has repeatedly asked him to sign a medical authorization even though he signed one already. Dkt. #67. He asks the court to order counsel to cease delaying the case. This motion will also be denied. There has been confusion in this case regarding plaintiff's address, and the court is not persuaded that counsel has been harassing plaintiff or that either party has intentionally delayed this case. If plaintiff has questions or objections about communications that he receives from defendants' counsel, he should address those questions to counsel directly.

Finally, plaintiff has requested that the court recruit counsel to represent him in this case. Dkt. # 66. A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he

must show that he is unable to afford counsel.  Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, he has met that requirement.

Second, the pro se litigant must show that he has made reasonable efforts on his own to find a lawyer to represent him.  Plaintiff says that he has contacted 10 attorneys.  However, to satisfy this requirement, he must submit a sworn declaration identifying which attorneys he contacted, when he contacted them and what responses he received from the attorneys, if any.

Third, plaintiff must show that the legal and factual difficulty of the case exceeds his ability to prosecute it.  Pruitt, 503 F.3d at 654-55.  "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself."  Id. at 655.  Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one.  I must decide in each case whether the particular plaintiff should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests.  McCaa v. Hamilton, 959 F.3d 842, 845 (7th Cir. 2020).

Plaintiff says that he needs a lawyer because his case is complex and he cannot obtain evidence or an expert on his own.  However, it is too early to determine whether this case will be too complex for plaintiff to litigate.  Although the case involves questions about the adequacy of medical care, many facts about plaintiff's treatment will be contained in medical records kept by the Department of Corrections.  In addition, plaintiff will be able to submit

a declaration describing the treatment he received. It is not yet clear whether there will be factual disputes or whether expert opinion will be needed. Until the facts are developed further, I cannot conclude that plaintiff needs the assistance of counsel.

Plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year nearly 400 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness and expertise in civil rights litigation to accept appointments. During the past year, for example, the court was able to recruit counsel to assist pro se litigants in only four cases. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

For these reasons, I will deny plaintiff's request for court assistance in recruiting counsel without prejudice. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion for court assistance in recruiting counsel at that time.

ORDER

IT IS ORDERED that plaintiff DeBradre Jackson's motion for reconsideration, dkt. #65, motion for assistance in recruiting counsel, dkt. #66, and motion for injunctive relief, dkt. #67, are DENIED.

Entered this 6th day of January, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge